CHRISTOPHER STOLLER and
MICHAEL STOLLER,
    **Plaintiffs**

**Judge Coleman**

**V.**

ALTISOURSE RESIDENTIAL L.P.
ALSOURSE ASSET MANAGEMENT CORPORATION,
**ALTISOURCE PORTFOLIO,WILLINGTON TRUST,
N/A, WILMINGTON TRUST
AS TRUSTEE OF ARLP SECURITIZATION TRUST
SERIES 2014-2, OCWEN FINANCIAL
CORPORATION, LESLIE ZIEVE, JOHN C. STEELE,
ZIEVE, BRODNAX AND STEEL,** Kim R. Lepore,
Joseph Tirello, Joseph Tirello, Nathaniel Brodnax,
John C. Steele, **WILLIAM C. ERBEY, and Lawyers,
Assignee, agents, John does 1 thru 1**

**Defendants**

JURY DEMAND

**CASE NO: 18-cv-07169**

FILED

OCT 1 5 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION TO STRIKE ALL PLEADINGS FILED BY , WILMINGTON TRUST AS TRUSTEE FOR ARLP SECURITIZATION TRUST SERIES 2014-2, A NON JURAL DEFUNCT ENTITY, MOTION FOR JUDGEMENT.AND/OR FOR 54(b) CERTIFICATION

NOW COMES the Plaintiff in support of their Rule 12f Motion to Strike all

pleadings filed by , **WILMINGTON TRUST AS TRUSTEE FOR ARLP**

**SECURITIZATION TRUST SERIES 2014-2, A NON JURAL, DEFUNCT**

**ENTITY AND MOTION FOR JUDGMENT States** as follows:

    **WILMINGTON TRUST AS TRUSTEE OF ARLP SECURITIZATION TRUST
SERIES 2014-2 MOTION TO DISMISS IS VOID AB INITIO,**

**WILMINGTON TRUST AS TRUSTEE OF ARLP SECURITIZATION TRUST SERIES 2014-2, has no standing, legal capacity to sue or defend itself within the State of Illinois and thus any pleadings filed by WILMINGTON TRUST AS TRUSTEE OF ARLP SECURITIZATION TRUST SERIES 2014-2, are void ab initio. Rule 17b.**

**(1) ARLP SECURITIZATION TRUST SERIES 2014-2 ceased to exist and therefore could not maintain the lawsuit, and, alternatively, (2) it was barred from suing under section 13.70 because it was a foreign entity that never registered to do business in Illinois.**

The party seeking to invoke federal jurisdiction, here DRW, has the burden of establishing that it meets the requirements of standing. *DH2, Inc. v S.E.C.*, 422 F.3d 591, 596 (7th Cir. 2005). The standing requirements under Article III of the Constitution are well settled: "injury in fact, a causal connection between the injury and the defendant's conduct, and likely redress ability through a favorable decision." *Winkler*, 481 F.3d at 979 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-61 (1992)). Prudential standing, on the other hand, "embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'". *DISABILITY RIGHTS WISCONSIN, INC v WALWORTH COUNTY BOARD OF SUPERVISORS United States Court of Appeals For the Seventh Circuit No. 07-1755,*

**EXHIBIT 1** is a certified copy  from  the of Secretary of State  of Illinois:**, evidencing that ARLP SECURITIZATION TRUST SERIES 2014-2, A NON JURAL  entity  is not registered with the Secretary of State of Illinois, (Exhibit 1) to do business within the State of Illinois. ARLP**

**SECURITIZATION TRUST SERIES 2014-2, A NON JURAL ENITY has no standing or capacity to sue or defend itself within the State of Illinois.**

**Exhibit 2 is a true and correct copy of the State of Kentucky issued a Certificate of Revocation of the ARLP SECURITIZATION TRUST SERIES 2014-2,**

"Properly understood, the concept of 'standing' contemplates a requirement that a party 'establish an entitlement to judicial action, separate from proof of the substantive merits of the claim advanced.' (13A Wright et al., Fed. Practice and Procedure (3d ed. 2008) § 3531, p. 6, italics added.) This concept 'has been largely a creature of twentieth century decisions of the federal courts.' (Ibid., fn. omitted.) It is rooted in the constitutionally limited subject matter jurisdiction of those courts. (See id. at p. 9 ['The threshold requirements are attributed to the "case" and "controversy" terms that define the federal judicial power in Article III. Absent constitutional standing, the courts believe they lack power to entertain the proceeding." (italics added) ]; see 13 Wright et al., supra, § 3522, pp. 103–104 [presumption that federal court lacks subject matter jurisdiction].) 'Article III of the federal Constitution imposes a "case-or-controversy limitation on federal court jurisdiction," requiring " 'the party requesting standing [to allege] "such a personal

stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." ' " [Citation.]

. "Use of a fictitious business name **ARLP SECURITIZATION TRUST SERIES 2014-** does not create a separate legal entity." (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348; see also *Osmo Tec SACV Co. v. Crane Envtl., Inc.* (Fla.Ct.App. 2004) 884 So.2d 324, 327 [a fictitious name has "no independent legal existence"].)

With the dissolution of **ARLP SECURITIZATION TRUST SERIES 2014-2**, Stoller argues, "the legal entity that is the Defendant **ARLP SECURITIZATION TRUST SERIES 2014-2,** in this action disappeared."[3]

**ARLP SECURITIZATION TRUST SERIES 2014-2** lack of standing is a proper , completely defeats the Defendant's ability to successfully prosecute its defense and/or claim against the Plaintiff before this court, see generally. ***Reynolds*, 2013 IL App (4th) 120139, ¶ 33; Jackson v. Randle, 2011 IL** App (4th) 100790, ¶ 12. " 'The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit,' defendant a suit and 'assures that issues are raised only by those parties with a real interest in the outcome of the controversy.' " *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 24 (quoting *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999)). ¶ 30 " 'To have standing, *** the [claimant] must not be merely curious or concerned but must

possess some personal claim, status, or right, a distinct and palpable injury which is fairly traceable to the [respondent's] conduct and substantially likely to be redressed by the grant of such relief.' " *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 14 (quoting *Potter v. Ables*, 242 Ill. App. 3d 157, 158 (1993)). "A standing challenge focuses on the party seeking relief—not on the merits of the controversy—and asks whether that party is entitled to pursue the legal challenge, either in their personal or representative capacity." *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 14. ¶ 31 "[S]tanding requires some injury in fact to a legally cognizable interest ***." *Glisson,* 188 Ill. 2d at 221In the case at bar, Plaintiff argue that the **ARLP SECURITIZATION TRUST SERIES 2014-2** lack standing[1], has no legal capacity to sue or be sued or defend itself in **Illinois.**

**In summary, Plaintiff is entitled to judgment in his favor because WILMINGTON TRUST AS TRUSTEE FOR A NON JURAL DEFUNCT ENTITY, THE ARLP SECURITIZATION TRUST SERIES 2014-2 CANNOT rebut Stoller's prima facie and irrefutable case that it lacked standing to sue or to defend itself in**

---

[1] Standing must exist when the suit is filed. Village of Kildeer, 167 Ill. App. 3d at 786. As **ARLP SECURITIZATION TRUST SERIES 2014-2** lacked standing at the time of filing, the eviction case in Arizona on Oct 28, 2018, was defective contained intrinsic fraud, and could not be maintained. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004) (a plaintiff's lack of standing negates his cause of action and requires dismissal of the proceedings)

the State of Illinois.  See generally *Bayview Loan Servicing, L.L.C. v. Nelson,*
382 Ill. App. 2d 1184, 1186 (2008).


**WHEREFORE**  the Plaintiff requests that the court strike all pleadings filed by
**WILMINGTON TRUST AS TRUSTEE FOR  ARLP SECURITIZATION TRUST
SERIES 2014-2, A NON *JURAL* DEFUNCT ENTITY AND TO GRANT A JUDGMENT
IN FAVOR OF THE PLAINTIFF AGAINST THE ARLP SECURITIZATION
TRUST SERIES 2014-2, DECLARING THAT ARLP SECURITIZATION
TRUST SERIES 2014-2,is a non *jural* entity, a defunct entity that  HAS NO
INTEREST IN THE SUBJECT PROPERTY**  known as 28437 N. 112th Way,
Scottsdale, Arizona,

**To grant the Plaintiff any further relief that the court deems necessary.**   In the alternative,

### MOTION FOR FOR RULE 54(b) CERTIFICATION AND MOTION TO STAY PENDING APPEAL

The standing issue is a question of law and can be resolved by the Appellate Court in the event this
court were to deny Plaintiff's Motion. Plaintiff requests a Rule 54b[2] for certification.

Respectively /s/Christopher Stoller E.D.

415 Wesley Suite 1
Oak Park, Illinois 60302
773-746-3163

Cns40@hotmail.com

---

[2] There are a number of factors that favor the  district court  to certify  this "Standing Issue" for appeal pursuant to
Rule 54(b).  Those factors include 1) the relationship between the adjudicated and unadjudicated claims, 2) the
possibility that the need for review may be mooted by future developments in the district court, 3) the possibility
that the appellate court may have to consider the same issue on appeal a second time, and 4) miscellaneous
factors such as delay, economic considerations, expense, etc.  Corrosioneering v. Thyssen Envtl. Sys., 807 F.2d
1279, 1282-83 (6th Cir. 1986); Pittman v. Franklin, 282 Fed. Apps. 418, 430 (6th Cir. 2008) (citing Corrosioneering v.
Thyssen Envtl. Sys.). Rule 54(b) "is intended to strike a balance between the undesirability of more than one appeal
in a single action and the need for making review available in multiple-party or multiple claim situations at a time
that best serves the need of the litigation." Good v. Ohio Edison, 104 F.3d 93, 95 (6th Cir. 1997) (quoting Day v.
NLO, Inc., 153, 155 (6th Cir. 1993) (internal quotations and citations omitted)). All of the factors favor granting
Plaintiff's 54(b) Motion.