# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

October 24, 2019

Before

DANIEL A. MANION, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*
MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 19-2561 | WILMINGTON TRUST, NATIONAL ASSOCIATION, Plaintiff - Appellee<br><br>v.<br><br>CHRISTOPHER STOLLER and MICHAEL STOLLER, Defendants - Appellants |
| No. 19-2591 | WILMINGTON TRUST, NATIONAL ASSOCIATION, Plaintiff - Appellee<br><br>v.<br><br>CHRISTOPHER STOLLER and MICHAEL STOLLER, Defendants - Appellants |
| No. 19-2923 | CHRISTOPHER STOLLER, et al., Plaintiffs - Appellants<br><br>v.<br><br>ALTISOURCE RESIDENTIAL L.P., et al., Defendants - Appellees |
| **Originating Case Information:** | |
| District Court Nos: 1:19-cv-01821 & 1:18-cv-07169<br>Northern District of Illinois, Eastern Division<br>District Judges Elaine E. Bucklo & Sharon Johnson Coleman | |

Case: 1:18-cv-07169 Document #: 160 Filed: 10/25/19 Page 2 of 3 PageID #:2604
Case: 19-2561 Document: 21 Filed: 10/24/2019 Pages: 3

Nos. 19-2561, 19-2591 & 19-2923 Page 2

This court has carefully reviewed the orders of the district court, the records on appeal, and the parties' motions. Based on this review, the court has determined that any issues that could be raised are insubstantial and that further briefing would not be helpful to the court's consideration of the issues. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992); *Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (per curiam) (court can decide case on motions papers and record where briefing would be not assist the court and no member of the panel desires briefing or argument). "Summary disposition is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.'" *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1995) (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

In appeal no. 19-2561, appellants Christopher and Michael Stoller challenge the district court's order denying the Stollers' motion for reconsideration and for injunctive relief and/or a stay of its remand order. This court does not have jurisdiction to review the order remanding the case to state court. 28 U.S.C. §1447(d); *Linder v. Union Pacific RR*, 762 F.3d 568, 570 (7th Cir. 2014). Therefore, appeal no. 19-2561 is **DISMISSED** for lack of jurisdiction to the extent that the appellants seek to challenge the remand or reconsideration order. In appeal no. 19-2591, the Stollers challenge the district court's order denying the Stollers' additional motion to stay the remand order pending appeal. Finally, in appeal no. 19-2923, the Stollers challenge the district court's orders denying their motion for a preliminary injunction to vacate the Arizona court's eviction judgment or for a stay of the district court proceedings pending appeal.

This court reviews orders denying a stay or injunction for abuse of discretion. *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019); *Fed. Trade Comm'n v. Advocate Health Care Network*, 841 F.3d 460, 467 (7th Cir. 2016). Importantly, the appellants were not likely to succeed on the merits. *See* 28 U.S.C. § 1441(a) (cases must be removed to district court where state action is pending); *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017) (district courts may not interfere in state court judgments); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006) (whether stay is warranted depends on whether party seeking stay has reasonable likelihood of success on the merits). Therefore, the district court did not abuse its discretion in denying the motions to stay or enjoin the district and state court proceedings. Accordingly, **IT IS ORDERED** that the orders of the district court are summarily **AFFIRMED**.

**IT IS FURTHER ORDERED** that the motions for sanctions against Christopher Stoller are **GRANTED**. Within 14 days, appellee Wilmington Trust National Association may file with this court proper documentation of its attorneys' fees and costs expended in the defense of these appeals. *See* FED. R. APP. P. 38. Stoller may file a response within ten days of Wilmington's filing. Based on these filings, we will determine the appropriate amount of fees and costs to assess for pursuing these frivolous appeals, and Christopher Stoller will be responsible for reimbursing Wilmington for these fees and costs. If Christopher Stoller fails to pay the sanction and any outstanding filing fees by the due date, this court will enter an order directing the

Case: 1:18-cv-07169 Document #: 160 Filed: 10/25/19 Page 3 of 3 PageID #:2604
Case: 19-2561      Document: 21      Filed: 10/24/2019      Pages: 3

Nos. 19-2561, 19-2591 & 19-2923                                                                 Page 3

clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of Stoller unless and until he pays in full the sanction that has been imposed against him. *See In re: City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Support Sys. Intl, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). Further frivolous filings in these or other appeals may result in additional sanctions. Christopher Stoller is further warned not to attempt to bypass this sanction by filing documents in Michael Stoller's name.

**IT IS FINALLY ORDERED** that all other pending motions in these appeals are **DENIED** as unnecessary.

form name: **c7_Order_3J**(form ID: **177**)