# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STOLLER, | ) |
| Plaintiff, | ) Case No. 18-cv-7169 |
| v. | ) Judge Sharon Johnson Coleman |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, et al.,[1] | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Christopher Stoller brings this lawsuit against defendant Wilmington Trust, National Association, as Trustee of ALRP Securitization Trust, Series 2014-2 ("the Trust") in relation to residential property located in Maricopa County, Arizona. The Trust has filed a motion to dismiss due to lack of subject matter jurisdiction, res judicata, improper venue, and for failure to state a claim. The Court, finding that it does not have subject matter jurisdiction and that Stoller is precluded from bringing this lawsuit based on the doctrine of res judicata, grants the Trust's motion to dismiss. Civil case terminated.

**Background**

In setting forth the background facts, the Court construes Stoller's pro se pleadings liberally, *Chronis v. United States*, 932 F.3d 544, 554 (7th Cir. 2019), and considers documents attached to the pleadings that are referred to in the complaint and central to Stoller's claims. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

In October 2018, the Trust filed a forcible entry and detainer action in the Superior Court of Arizona, Maricopa County based on an earlier foreclosure in relation to residential property located

---
[1] In September 2019, Stoller voluntarily dismissed defendants Ocwen Financial Corporation and Altisource Portfolio Solutions, Inc. from this lawsuit.

at 28437 N. 112th Way, Scottsdale, Arizona ("the Property"). The defendants in the forcible entry and detainer action were Phillip B. Stone, along with unknown occupants and parties-in-possession. The Arizona state court held the eviction action in abeyance while Stoller unsuccessfully attempted to remove the Maricopa County lawsuit to the Northern District of Illinois in case numbers 18-cv-7320 and 19-cv-1821. On September 5, 2019, the Arizona state court entered an order evicting any parties in possession of the Property.

In the interim, Stoller brought the present nineteen-count complaint in relation to the Property, which includes claims of deceptive trade practices, civil conspiracy, consumer fraud, and perjury, among others, based on the Trust's allegedly fraudulent conduct in the foreclosure action. In his complaint, Stoller alleges that in September 2008, Phillip Stone sold the Property to Stoller's Pension and Profit Sharing Plan through a quit claim deed. (R. 1, Compl. ¶¶ 23, 24.) Stoller maintains that Stone's debts were discharged as of July 19, 2010 in Stone's Chapter 7 bankruptcy action, case number 10-1158-j7, in the United States Bankruptcy Court for the District of New Mexico. (*Id.* ¶ 26.) Based on the Chapter 7 discharge, Stoller asserts that he owns the Property free from any liens, including any mortgage on the Property.

Exhibits attached to Stoller's complaint reveal that on July 13, 2015, Stoller recorded a Notice of Trustee's Sale with the Maricopa County, Arizona Recorder. (Compl., Ex. 9.) According to the Trustee's Deed recorded on March 4, 2016 in Maricopa County, a company named "Night Milk Co." of Oak Park, Illinois was the highest bidder at a public auction held on July 17, 2014 and paid Stoller $10.00 for the Property. (*Id.*, Ex. 8.)

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Taylor v. McCament,* 875 F.3d 849, 853 (7th Cir. 2017). Under Rule 12(b)(1), the Court

accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). When "external facts call the court's jurisdiction into question," the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor,* 875 F.3d at 853 (citation and quotation marks omitted).

**Discussion**

*Subject Matter Jurisdiction*

There are several reasons why this Court does not have subject matter jurisdiction over Stoller's claims. One reason is the *Rooker-Feldman* doctrine, which "prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.,* 852 F.3d 669, 675 (7th Cir. 2017). The doctrine "ensures that lower federal courts do not exercise appellate authority over state courts." *Id.* at 675; *see also In re Lodholtz,* 769 F.3d 531, 534 (7th Cir. 2014) ("The Supreme Court of the United States is the only federal court with appellate authority over state courts; that is the *Rooker–Feldman* doctrine."). In deciding if *Rooker-Feldman* applies, the Court must ask "whether the federal plaintiff is alleging that his injury was caused by the state-court judgment." *Mains,* 852 F.3d at 675.

In 2015, the Trust initiated foreclosure proceedings in Arizona state court, and, the same month Stoller filed this lawsuit, the Trust filed a forcible entry and detainer action in the Superior Court of Arizona, Maricopa County. The present lawsuit is centered on the Arizona court's foreclosure judgment and forcible entry and detainer action that Stoller argues rested on fraud. Under the circumstances, Stoller has not met his burden in establishing subject matter jurisdiction because under the *Rooker-Feldman* doctrine this Court does not have jurisdiction to grant Stoller the

3

relief he seeks, namely, barring the Trust from encumbering the Property and enjoining the Trust from having rights in the Property.

Another reason the Court does not have subject matter jurisdiction is because Stoller cannot establish Article III standing. *See American Homeland Title Agency, Inc. v. Robertson*, 930 F.3d 806, 810 (7th Cir. 2019) ("The standing doctrine addresses whether a court has the power to hear a case under Article III of the Constitution. It is therefore jurisdictional.") (internal citation omitted). "The elements of standing are well settled: the plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." *Casillas v. Madison Avenue Assoc., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). The injury in fact must be an injury to the plaintiff's own interests. *See Laskowski v. Spellings*, 546 F.3d 822, 825 (7th Cir. 2008).

Stoller has pleaded himself out of court in relation to standing. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 590 (7th Cir. 2017). As stated above, Stoller alleges that in September 2008, Stone sold the Property to Stoller's Pension and Profit Sharing Plan through a quit claim deed. Attached to Stoller's complaint is a 2014 Trustee's Deed stating that a company named "Night Milk Co." of Oak Park, Illinois was the highest bidder at a public auction and paid Stoller $10.00 for the Property. Under these facts, Stoller does not have an interest in the Property, rather Night Milk Co. does.[2]

*Res Judicata/Claim Preclusion*

"Even if *Rooker-Feldman* does not bar a claim, when there is a prior state-court judgment that appears to cover the same transaction or the same issues as the later federal case, the possibility exists that res judicata may apply." *Mains*, 852 F.3d at 675. "Claim preclusion, or res judicata, generally bars the relitigation of claims that were brought, or could have been brought, in an earlier

---

[2] Similarly, although Michael Stoller is also named as a plaintiff in this lawsuit, there are no allegations supporting Michael's Article III standing.

4

suit that has reached final judgment." *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019). Because the foreclosure took place in Arizona, the Court turns to Arizona law where claim preclusion is applicable when there has been "(1) a final judgment on the merits; (2) common identity of parties; (3) common subject matter; and (4) a common cause of action." *Melchizedek v. Holt*, 792 F.Supp.2d 1042, 1054 (D. Ariz. 2011); *see also Peterson v. Newton*, 307 P.3d 1020, 1022, 232 Ariz. 593, 595 (Ariz. App. 2013) ("In Arizona, the doctrine rests on the long-accepted principle that '[i]t is against public policy to split a cause of action and to make two or more suits of it when one is sufficient.'") (citation omitted).

Stoller, no stranger to the doctrines of issue and claim preclusion, *see Stoller v. Bank of New York Mellon Trust Co.*, 588 Fed.Appx. 677, 678 (9th Cir. 2014), does not address the Trust's res judicata arguments in his response brief nor does he acknowledge the myriad lawsuits he has brought in this and other courts that the Trust relies upon. By failing to respond to the Trust's arguments, Stoller has waived any opposition to the Trust's res judicata claims. *See Lee v. Northeast Ill. Reg'l Commuter R.R.*, 912 F.3d 1049, 1054 (7th Cir. 2019) (waiver "applies when a party fails to develop arguments related to a discrete issue or when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss[.]"). Thus, res judicata bars Stoller's present lawsuit.

*Sanctions*

Despite resolving the issues above, the Court nonetheless examines Stoller's other state and federal lawsuits involving the Property in the context of the Trust's request for sanctions. *See Cooke v. Jackson National Life Ins. Co.,* 919 F.3d 1024, 1027 (7th Cir. 2019) ("It has long been understood that federal judges have a common-law power (sometimes called an inherent power) to impose sanctions on parties that needlessly run up the costs of litigation."). As the Seventh Circuit cautions,

5

federal district courts must exercise restraint and discretion when sanctioning conduct that abuses the judicial process. *See Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019); *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018).

The present lawsuit is one of four that Stoller has filed in this district in relation to the Arizona foreclosure proceedings involving the Property. In 2008, the Christopher Stoller Pension and Profit Sharing Plan filed a complaint in Maricopa County, Arizona Superior Court. Defendant Countrywide Bank removed the action to the Arizona District Court, case number 09-cv-0002. In that lawsuit, Stoller sought to enjoin Countrywide's foreclosure on the Property, along with two other residential properties in Scottsdale, Arizona. After Countrywide filed a Rule 12(b)(6) motion to dismiss, Stoller failed to respond resulting in the district court summarily dismissing the lawsuit.

Next, on December 6, 2011, Stoller filed a case in the Central District of Illinois against numerous defendants, including the Bank of New York Mellon Trust and Countrywide. The Central District transferred the case to the District of Arizona based on improper venue (case number 11-cv-2454). In that action, Stoller alleged tortious interference with contract, fraud, conspiracy, and other claims in relation to the Property. The District of Arizona dismissed the lawsuit because Stoller had not demonstrated he had the legal capacity to litigate the action and that his agent, his brother Leo Stoller,[3] had failed to appear in the action.

On July 18, 2012, Stoller filed another lawsuit in the District of Arizona against the Bank of New York Mellon Trust and Countrywide, among others, in case number 12-cv-1307, alleging deceptive trade practices, slander of title, tortious interference, and fraud, among other claims. The lawsuit involved the Property, along with other residential properties in Arizona. The Arizona federal district court dismissed Stoller's lawsuit based on res judicata and collateral estoppel. The court also enjoined both Leo and Christopher Stoller "from filing any further actions, motions, or

---

[3] Leo Stoller is a restricted filer in the Northern District of Illinois.

6

other proceedings in federal court in Arizona in connection with any loan made by a Defendant in this case that was secured by a deed of trust on Properties 1-4, or foreclosures thereon, absent prefiling review and permission from this Court." (12-cv-1307, R. 53, 9/24/13 Order, at 20.)

Undeterred, Stoller filed a federal lawsuit in the District of Columbia against Ocwen Financial Corporation and Altisource Portfolio Solutions, Inc., former defendants in this lawsuit, along with 50 other defendants, in case number 15-cv-1703. Stoller's allegations in this 2015 case are similar to the present lawsuit in that he sought to enjoin the sale of the Property that was in foreclosure based on defendants' fraudulent conduct. On October 22, 2015, the district court dismissed the lawsuit based on the *Rooker-Feldman* and *Younger* abstention doctrines. In a footnote, the court further concluded that Stoller lacked standing to sue as to two counts of his complaint.

Five days later, Stoller brought a lawsuit in this district, case number, 15-cv-9537, that is strikingly similar to the present lawsuit. In that case, Stoller attempted to prevent the foreclosure of the Property. In October 2015, Judge Virginia Kendall denied Stoller's motion for a temporary restraining order, after which Stoller voluntarily dismissed the lawsuit.

Based on Stoller's repeated, vexatious litigation concerning the Property, along with the unnecessary filings and meritless interlocutory appeals in this lawsuit, the Court concludes that Stoller willfully abused the judicial process. The Court, in its discretion, grants the Trust's request for sanctions. To avoid additional vexatious litigation over a fee petition, the Court awards the Trust $10,000.00 as reasonable attorney's fees in defending against this frivolous lawsuit. Also, as the prevailing party, the Trust is entitled to costs pursuant to Rule 54(d)(1).

Finally, the Court recommends Plaintiff Christopher Stoller to the Executive Committee of the Northern District of Illinois to be considered for its list of restricted filers based on the lawsuits discussed in this ruling, along with Stoller's other cases in the Northern District of Illinois exhibiting vexatious conduct, including cases where Stoller removed lawsuits from state court where the federal

7

court did not have jurisdiction, *see, e.g., Bank of New York Mellon v. Ribadeneira, et. al.,* (10-cv-4991), *Wilmington Trust v. Stoller* (17-cv-7278), and *Wright v. Stoller* (18-cv-5796).

**Conclusion**

Based on the foregoing, the Court grants the defendant's motion to dismiss. [115]. The remaining motions in this lawsuit are moot. [161, 164, 167.] The Court grants the Trust's request for sanctions, and in its discretion, awards the Trust $10,000.00 as reasonable attorney's fees in defending against this frivolous lawsuit. The Clerk of the Court is directed to formally recommend Plaintiff Christopher Stoller to the Executive Committee of the Northern District of Illinois to be considered for its list of restricted filers. Civil case terminated.

IT IS SO ORDERED.

Date: 11/18/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge